**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60646
Summary Calendar

ROGER JOHNSON

Plaintiff-Appellant

v.

ROGER LEWIS, Captain

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CV-24

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roger Johnson, Mississippi prisoner # 59930, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. Because he has failed to brief the dismissal of his claim regarding the denial of medical treatment, that issue is deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson argues that the district court failed to properly weigh and assess the relevant factors regarding his claim of excessive force. Our review indicates that all of those factors weigh against Johnson's excessive-force claim. *See Hudson v. McMillian,* 503 U.S. 1, 5–7 (1992). The record shows that there was a need for the application of force, Johnson ignored a clear warning regarding the need for force, and Captain Roger Lewis's use of force was a good-faith effort to maintain or restore discipline. As to his claim regarding denial of access to the courts, Johnson's arguments that he may have been prejudiced by the loss of certain legal materials fail to show the actual prejudice required to support his claim. *See Lewis v. Casey*, 518 U.S. 343, 351–52 (1996).

Regarding his due process claim, Johnson argues for the first time on appeal that the Rule Violation Report (RVR) issued by Captain Lewis, in conjunction with two other RVRs Johnson received on other occasions, resulted in his placement into D-custody and administrative lockdown. That argument is not cognizable because it was not presented to the district court. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Moreover, even if we were to consider that argument, it fails to implicate a protected liberty interest because Johnson's placement into D-custody and administrative lockdown do not present atypical, significant deprivations in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). As the district court's dismissal of Johnson's complaint was therefore proper, the judgment of the district court is affirmed. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

The district court's dismissal of Johnson's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir. 1996). Johnson has already accumulated at least two other strikes. *See Johnson v. Dorsey*, No. 4:08-CV-00023 (N.D. Miss. Apr. 4, 2008); *Johnson v. Presley*, No. 4:07-CV-00105 (N.D. Miss. July 26, 2007). Johnson is

therefore barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.